**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Bond and Cherie Bond, husband and wife, | ) No. CV-06-1249-PHX-DGC |
| Plaintiffs, | ) |
| vs. | ) **ORDER** |
| American Family Mutual Insurance Company, a Wisconsin corporation, et al., | ) |
| Defendants. | ) |

Plaintiffs have filed a motion seeking reconsideration (Dkt. #133) of the Court's February 19, 2008, order granting in part and denying in part Defendants' motion for partial summary judgment (Dkt. #131). The Court will deny the motion.[1]

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Courts in this district have identified four

---

[1] The Court's previous order admonished Plaintiffs' counsel to follow Local Rule of Civil Procedure 7.1(b)(1), which requires that briefing be in proportional font size of 13 points or greater. Dkt. #131 n. 2. Plaintiffs' counsel has again disregarded this rule. The motion for reconsideration is 12-point font or smaller. The Court once again directs Plaintiffs' counsel to comply with the Court's local rules. Further disregard of the rules may result in the Court's rejection of Plaintiffs' future filings.

circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiffs' motion fails to establish any of these exceptional circumstances.

Plaintiffs object to the Court's discussion of the appraisal provision of the insurance policy, arguing that Defendant never raised that provision as an affirmative defense. Dkt. #133. But the Court did not treat the appraisal provision as an affirmative defense. Rather, the Court addressed Plaintiffs' argument that they are entitled to recover their appraiser's estimate of actual cash value under the terms of the insurance policy. The Court considered all relevant provisions of the policy – which were provided in exhibits by both parties – and concluded that Plaintiffs' claim is not consistent with those provisions. As the Court explained, permitting Plaintiffs to recover their appraiser's estimate of actual value in this case "would allow an insured to game the system by accepting an actual cash value payment, repairing the property for less than the payment, and then seeking to recover more money by challenging the reasonableness of the actual cash value payment in court without ever having invoked the policy provisions designed to address inadequate actual cash value payments – the appraisal and supplemental payment provisions." Dkt. #131 at 5. Plaintiffs' motion for reconsideration does nothing to dispel this concern, and in fact supports it. Plaintiffs assert that they are entitled to recover a higher actual cash value amount without even so much as suggesting that they incurred repair costs in excess of Defendant's actual cash value payment. Plaintiffs ask the Court to disregard express terms of the very insurance policy they put at issue in this case; they seek to make an end-run around policy provisions clearly designed to protect them in the event an actual cash value payment is too low and to

1 recover money for losses they never in fact incurred.  The Court continues to conclude that
2 such a claim is contrary to the terms and intent of the policy.

3       Plaintiffs argue that they did not have an opportunity to address the appraisal
4 provision affirmative defense.  In addition to the fact that it was not an affirmative defense,
5 the Court notes that the parties argued extensively about the meaning and effect of the
6 insurance policy and provided the Court with copies of the policy.  It is hornbook law that
7 courts are to consider all terms when construing an insurance policy.  *See Liberty Ins.*
8 *Underwriters, Inc. v. Weitz Co., LLC*, 158 P.3d 209, ¶8 (Ct. App. Ariz. 2007) ("Insurance
9 policy provisions must be read as a whole, giving meaning to all terms.").  That is precisely
10 what the Court did in this case.  What is more, "a district court 'may grant summary
11 judgment on any legal ground the record supports.'"  *Jackson, Inc. v. Roe*, 273 F.3d 1192,
12 1202 (9th Cir. 2001) (quoting 6 James W. Moore, Walter J. Taggart and Jeremy C. Wicker,
13 Moore's Federal Practice ¶ 56.14[1] (1994)).

14       **IT IS ORDERED** that Plaintiffs' motion for reconsideration (Dkt. #133) is **denied**.
15 DATED this 5th day of March, 2008.

_____
David G. Campbell
United States District Judge