**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael L. Bond and Cherie Bond, husband and wife, | ) No. CV-06-1249-PHX-DGC |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| American Family Mutual Insurance Company, a Wisconsin corporation, | ) |
| Defendant. | ) |

Pending before the Court are the parties' motions for attorneys' fees (Dkt. ##192, 195) and Plaintiff's bill of costs (Dkt. #191) and request for prejudgment interest (Dkt. #194). For reasons explained below, the Court will award Plaintiffs $32,406.00 in attorneys fees, $7,717.42 in costs, and $3,367.33 in prejudgment interest.[1]

**I.   Background.**

Plaintiffs Michael and Cherie Bond insured their home under a policy issued by Defendant American Family Mutual Insurance Company. During the policy period, a pipe burst in Plaintiffs' home causing flooding and damage to the home's structure.

---

[1] Defendant's request for oral argument is denied because the parties have thoroughly briefed the issues (*see* Dkt. ##193, 199-201, 203, 205-07), and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Plaintiffs contracted with Helping Hand Fire and Water Restoration ("Helping Hand") to remove and dry the contents of the home. Upon completion of its work, Helping Hand submitted an invoice of $14,604.06 for the dry-out services. Defendant made an estimate of the needed repairs for the home, an amount referred to as the "actual cash value," and paid Plaintiffs $5,067.03. Defendant subsequently provided Plaintiffs with an additional payment of $874.07. Neither the initial nor revised estimates included contractor overhead and profit. Public adjuster Michael Peterson was retained by Plaintiffs and estimated that the actual cash value owed to Plaintiffs was $43,084.03.

To prevent the possibility of another leak, Plaintiffs had the home's plumbing system replaced. Ancillary damage caused from the replacement work was also repaired. Defendant denied that it was responsible for replacing the plumbing system or the ancillary damage.

**II.     This Suit.**

Plaintiffs' complaint asserts three counts: breach of contract, bad faith, and punitive damages. Dkt. ##1, 30. Plaintiffs allege that Defendant breached the insurance policy and acted in bad faith by failing to provide full payment for Helping Hand's dry-out services, failing to pay for replacement of the plumbing system and related repairs, failing to make full payment for the structural repairs, and failing to include contractor overhead and profit and sales tax in the actual cash value payment. *Id*.

Defendant filed a motion for partial summary judgment. Dkt. #110. The Court granted the motion with respect to Plaintiffs' claims for replacement of the plumbing system and related damage, failure to pay for structural repairs, and punitive damages. Dkt. #131. The Court denied the motion with respect to contractor overhead and profit and bad faith related to the failure to pay the Helping Hand bill. *Id*. These claims, plus the claims that were not addressed in the motion for partial summary judgment – the amount due for the Helping Hand work, Defendant's failure to pay living expenses, and bad faith on the failure to pay living expenses – were left to be resolved at trial.

Shortly before trial, Defendant paid Plaintiffs the contractor overhead and profit and the living expenses. At trial, the jury awarded Plaintiffs $9,346.09 for the Helping Hand

1 work, $10,561.07 for bad faith failure to pay for the Helping Hand work, and $7,206.44 for 2 bad faith failure to pay living expenses, resulting in a total jury award of $27,113.59. 3 Dkt #187. The Clerk entered final judgment on June 26, 2008. Dkt. #189.

## III.     Motions for Attorneys' Fees.

Each side seeks an award of attorneys' fees pursuant to A.R.S. § 12-341.01. That statute provides that the Court "may award attorneys' fees to the 'successful party' in a 'contested action arising out of contract' to 'mitigate the burden of the expense of litigation to establish a just claim or a just defense.'" *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1093 (Ariz. Ct. App. 2007) (quoting § 12-341.01(A)-(B)). The Court "has substantial discretion to determine who is a 'successful party.'" *Id.* at 1096 (citation omitted). In cases where each party prevailed on some claims, the Court may determine the relative success of the parties by using a "percentage of success" test or a "totality of the litigation" test. *See Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990).

The Court concludes that a percentage of success test will most fairly resolve the attorneys' fees issues in this case. This test seeks "to determine the relative success of the parties with regard to the various claims[.]" *Id.* at 25. The Court will evaluate this case in two segments – time invested before summary judgment and time invested after summary judgment.

Before summary judgment, the parties litigated all claims. The summary judgment ruling eliminated claims the Court views as constituting approximately 60% of Plaintiff's case (structural repair claims, plumbing claims, and punitive damages claims). Thus, the Court will award Defendant 60% of the fees it incurred before summary judgment (viewing it as the prevailing party on that percentage of the claims) and award Plaintiffs 40% of the fees they incurred before that date (viewing Plaintiff as having prevailed on 40% of their claims before summary judgment).

Plaintiff's counsel incurred fees of $29,690 before February 25, 2008, the date the summary judgment motion and motion for reconsideration were concluded. *See* Dkt. #193, Ex. 2. 40% of this amount is $11,876. Defense counsel incurred $37,742 before the

- 3 -

1   summary judgment work was completed. Dkt. #195 at 10. 60% of this amount is $22,645.

2   Furthermore, because Plaintiffs ultimately collected on all the claims that remained
3   after summary judgment – either through pre-trial payments by Defendant or through the
4   jury's verdict – the Court concludes they are entitled to recover all of the fees they incurred
5   after summary judgment. Plaintiffs incurred $43,175 after February 25, 2008. *See* Dkt.
6   #193, Ex. 2.

7   Thus, Plaintiffs are entitled to recover a total of $55,051 in fees ($11,876 before
8   summary judgment plus $43,175 after summary judgment). Defendant is entitled to recover
9   $22,645 incurred before summary judgment. When these amounts are offset against each
10  other, Plaintiffs are entitled to a net fee recovery of $32,406 ($55,051-$22,645).

11  In reaching this conclusion, the Court finds that the time incurred by both counsel and
12  the hourly rates charged by both counsel are reasonable. The Court also concludes that the
13  remaining factors identified in Arizona case law support this award. These factors include
14  the merits of the unsuccessful party's claim, whether the successful party's efforts were
15  completely superfluous in achieving the ultimate result, whether assessing fees against the
16  unsuccessful party would cause extreme hardship, whether the successful party prevailed
17  with respect to all relief sought, whether the legal question presented was novel or had been
18  previously adjudicated, and whether a fee award would discourage other parties with tenable
19  claims from litigating. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313,
20  1319-20 (9th Cir. 1997); *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz.
21  1985) (en banc); *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999). The
22  only factors not accounted for in the Court's percentage of success analysis are whether the
23  assessment of fees would cause extreme hardship to Defendant or discourage other parties
24  from pursuing litigation. The award in this case will do neither.

25  Defendant contends that it is the successful party after May 23, 2008, because
26  Plaintiffs did not recover a judgment in excess of Defendant's $30,000 settlement offer of
27  that date. Dkt. #195 at 6 (citing § 12-341.01(A)). But Plaintiffs are entitled to an award of
28  prejudgment interest under Arizona law as explained below, and Plaintiff's total recovery

- 4 -

1  exceeds $30,000 when the interest is added to the jury award. Moreover, Defendant's
2  settlement offer of $30,000 included attorneys fees. As this order demonstrates, Plaintiffs'
3  recovery well exceeds $30,000 when attorneys fees are included.

4  **IV.    Plaintiffs' Bill of Costs.**

5  Plaintiffs have filed a bill of costs in the amount of $8,109.45. Dkt. #191. Defendant
6  objects on the grounds that it is untimely and certain costs are not documented or are
7  otherwise not recoverable. Dkt. #199. In response, Plaintiffs request an extension of time
8  to file their bill of costs. Dkt. #201. Defendant counters that Plaintiffs have not shown good
9  cause for their untimely filing. Dkt. #207.

10  **A.    Plaintiffs' Request for an Extension of Time.**

11  Rule 54.1 of the Court's Local Rules of Civil Procedure provides that a bill of costs
12  shall be filed within ten days after the entry of final judgment unless the time is extended
13  under Rule 6(b) of the Federal Rules of Civil Procedure. LRCiv 54.1(a). Final judgment was
14  entered in this case on June 26, 2008. Dkt. #189. The deadline for filing a bill of costs was
15  therefore July 11, 2008. *See* Fed. R. Civ. P. 6(a). Plaintiffs' bill of costs was filed on August
16  12, 2008, more than a month late.

17  Rule 6(b) provides that when an act must be done within a specified time, the court
18  may, for good cause, extend the time "on motion made after the time has expired if the party
19  failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs have not
20  formally sought an extension of time pursuant to Rule 6(b), nor have they cited the excusable
21  neglect standard stated therein. Plaintiffs have, however, asked the Court to accept their
22  untimely filing and offered some reasons that resemble the considerations relevant in an
23  excusable neglect inquiry. *See* Dkt. #201 at 2-3.

24  In applying Rule 6(b), this Circuit has adopted the meaning of "excusable neglect"
25  articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates*
26  *Ltd. Partnership*, 507 U.S. 380 (1993). *See Comm. for Idaho's High Desert, Inc. v. Yost*,
27  92 F.3d 814, 825 n.4 (9th Cir. 1996). *Pioneer* concluded that the determination "is at bottom
28  an equitable one, taking into account all of the relevant circumstances surrounding the party's

1  omission[,]" including (1) the danger of prejudice to the other party, (2) the length of delay
2  and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether
3  the party acted in good faith. 507 U.S. at 395.

4  The first two factors weigh in favor of Plaintiffs. Defendant will not be unfairly
5  prejudiced if the Court accepts Plaintiffs' untimely filing and, while the delay of 31 days is
6  not insubstantial, it has not adversely impacted the judicial process. The last factor also
7  weighs in favor of Plaintiffs because there is no reason to doubt that Plaintiffs acted in good
8  faith in waiting to file their bill of costs. The third factor – the reason for the delay – weighs
9  against Plaintiffs. Plaintiffs' counsel states that he did not feel compelled to file a bill of
10 costs within the 10-day deadline of Local Rule 54.1 because he assumed that "final"
11 judgment would not be entered until after the Court ruled on the parties' motions for
12 attorneys' fees. Dkt. #201 at 2. But counsel does not deny receiving the final judgment
13 entered on June 26, 2008 (*see* Dkt. #189), and Local Rule 54.1 clearly states that a bill of
14 costs shall be filed "within ten (10) days after the entry of final judgment[.]" LRCiv 54.1(a).

15 Having considered the totality of the circumstances, including the *Pioneer* factors, the
16 Court finds that Plaintiffs' untimely filing was the result of excusable neglect. *See Pincay*
17 *v. Andrews*, 389 F.3d 853, 855-60 (9th Cir. 2004) (holding that the district court did not
18 abuse its discretion in granting an extension of time where there was no prejudice or evidence
19 of bad faith and the reason for the delay was carelessness). The Court further finds that good
20 cause exists to grant Plaintiff's request for an extension of time under Rule 6(b) and accept
21 Plaintiffs' bill of costs as timely filed.[2]

22 **B.  Defendant's Objections to the Amount of Costs.**

23 Plaintiffs request an award of costs in the total amount of $8,109.45, which represents
24 $269.50 in court fees, $500.00 in witness fees, $830.36 in service fees, and $6,509.59 in
25 transcript fees. Dkt. #191. Defendant does not object to the court and witness fees.

26

27 [2]Given this ruling, the Court need not address Plaintiffs' contention that the Court may, under
28 Rule 58(e), construe their motion for attorneys' fees as a Rule 59 motion which would
   suspend the "finality" of the judgment entered on June 26, 2008. *See* Dkt. #201 at 2-3.

- 6 -

1 Defendant correctly notes that the exhibits attached to the bill of costs document only
2 $664.36 in service fees. Dkt. #199 at 2; *see* Dkt. #191-2 at 4-8. Plaintiffs do not address this
3 issue in their response. *See* Dkt. #201. The Court will disallow $166 in service fees.

4 Relying on *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006),
5 Defendant contends that $412.16 in service fees are not recoverable because Plaintiffs served
6 trial subpoenas on John Gallegos and Charles Bushman but did not call them as witnesses
7 during Plaintiffs' case in chief. Dkt. #199 at 2. As Plaintiffs correctly note, *Marmo* involved
8 an award of transcript fees and witness fees, not service fees. 457 F.3d at 763. Plaintiffs
9 have not sought witness fees with respect to Gallegos and Bushman, and Defendant has not
10 shown that their depositions were taken solely for discovery purposes. *See id.* The Court
11 will award service fees for the trial subpoenas served on Gallegos and Bushman.

12 Defendant's only objection to the requested transcript fees is that the invoices attached
13 to the bill of costs total $6,283.56, not $6,509.59. Dkt. #199 at 3; *see* Dkt. #191-2 at 10-21.
14 Plaintiffs concede this objection. Dkt. #201 at 4. The Court will award Plaintiffs $6,283.56
15 in transcript fees.

16 In summary, the Court, pursuant to Local Rule 54.1(e), will award Plaintiffs a total
17 of $7,717.42 in costs: $269.50 in court fees, $500.00 in witness fees, $664.36 in service fees,
18 and $6,283.56 in transcript fees.

19 **V.     Plaintiffs' Request for Prejudgment Interest.**

20 The parties do not dispute that Plaintiffs are entitled to prejudgment interest at the rate
21 of 10% per annum. *See* A.R.S. §§ 20-462, 44-1201; *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*,
22 258 F.3d 1090, 1103 (9th Cir. 2001) ("Under Arizona law, 'prejudgment interest on a
23 liquidated claim is a matter of right.' The rate of interest is set by statute at ten percent per
24 annum. [A.R.S.] § 44-1201.") (quoting *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237
25 (1996) (en banc)).[3] Plaintiffs seek prejudgment interest in the total amount of $3,720.95.

26

27 [3]Section 20-462(A) provides that any "claim not paid within thirty days after the receipt of
28 an acceptable proof of loss by the insurer . . . shall be required to pay interest at the legal rate from the date the claim is received by the insurer." A.R.S. § 20-462(A).

- 7 -

1  Dkt. #194. Defendants claim that the correct amount is $3,367.33. Dkt. #206. This
2  discrepancy appears to be based on the difference between simple interest and compound
3  interest.

4  Arizona courts have made clear that interest awarded under A.R.S. § 44-1201 should
5  be "calculated as simple, not compound." *Alley v. Stevens*, 104 P.3d 157, 159 (Ariz. Ct. App.
6  2004) (citing *Westberry v. Reynolds*, 653 P.2d 379, 384 (Ariz. Ct. App. 1982); *see Ace
7  Automotive Prods., Inc. v. Van Duyne*, 750 P.2d 898, 901 (Ariz. Ct. App. 1987). The Court
8  therefore will award Plaintiffs $3,367.33 in prejudgment interest.

9  **IT IS ORDERED:**

10  1.  The parties' motions for attorneys' fees (Dkt. ##192, 195) are **granted in part**
11      and **denied in part**.
12  2.  Plaintiffs' bill of costs (Dkt. #191) is **granted in part** and **denied in part**.
13  3.  Plaintiffs' request for an award of prejudgment interest (Dkt. #194) is **granted**
14      **in part** and **denied in part**.
15  4.  The Clerk is directed to enter judgment in favor of Plaintiffs and against
16      Defendant in the total amount of **$43,490.75**, which represents $32,406.00 in
17      attorneys fees, $7,717.42 in costs, and $3,367.33 in prejudgment interest.
18  DATED this 16th day of October, 2008.

David G. Campbell
United States District Judge